JAMES M. ARD v. GEORGE W. WALKER.

**Execution—Right to Levy on Property of Joint Debtors.**

Under an execution against Ard and Kelly, the lands of Kelly was
pointed out to the officer, who levied on and sold same. Afterwards,
Ard claimed the land as his, and refused possession. Held that though
the levy was on the land as belonging to Kelly, the title of both Ard
and Kelly passed by the officers sale and execution.

**Same—No Judgment in Record.**

When an execution is shown against a defendant in possession and
he surrenders land to satisfy it, no judgment need be shown as to him,
however a judgment is essential to uphold the sale and conveyance of
an adversary title.

APPEAL FROM WAYNE CIRCUIT COURT.

June 22, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Ard and his son-in-law, Kelly, had purchased and held by deed
four adjoining tracts of land amounting in the aggregate to about
four hundred acres. Kelly had settled on one end and the parties
by agreement had by actual survey assigned him 106¼ acres
around his improvements. Afterwards, October 21, 1864, there
issued an execution in favor of Hall against Ard and Kelly, when
Ard directed the officer to levy it on Kelly's land so assigned him,
saying it was his debt, and directed the officer how to find its
boundaries. The officer did so levy on and sell it, having it
appraised, but not returning the appraisement with the execution
and his return thereon.

Neither Ard nor Kelly offered to redeem the land within a
year, but subsequently to the levy and sale made another survey
by which they laid off to Kelly only ninety acres and of less
valuable land.

The coroner who sold having made the deed to Walker's vendor
and he having conveyed to Walker and Ard refusing to surrender
possession but claiming all the first survey to Kelly not embraced
in the last one to him, this suit was brought to recover the same

and the court having adjudged it to Walker, appellant seeks a reversal.

Whatever may have been the private arrangement between Ard Kelly as to what portion of the entire land Kelly should have, dependent on his paying therefor, and however Kelly may have failed to pay, the coroner had a right to levy on the whole or any part of the land, because he had an execution against both the joint owners, and when at Ard's instance he levied on this subdivision of the tract as the property of the defendants, though for Ard's benefit, as this had been assigned to Kelly, and as Ard insisted it was his debt, what right had he to complain or what right in either Ard or Kelly afterwards to make a redivision, or how could this affect the rights of the execution creditor as the purchaser at execution sale?

The title both of Ard and Kelly was levied on and passed by the sale and officer's conveyance.

It is, however, insisted that no judgment appears herein, and therefore the officer's deed has no foundation, but when an execution is shown against the defendant in possession and his surrender of the land to satisfy it, no judgment need be shown as to him, however a judgment is essential to uphold the sale and conveyance of an adversary title.

Here it is a question whether the defendant's title to this particular land has passed to the plaintiff by virtue of the execution sale and officer's conveyance.

The re-survey of the tract by the surveyor who originally made it, January 15, 1867, was made only two days before the coroner made his deed, whilst the levy and sale were made in the latter part of the year 1864, but when the return was actually made does not appear and it may be presumed from these papers and the irregular manner of doing business in many counties on the southern border of the State where this county is situated, during the late war, that this return was not actually made until about the time of making this deed, and because, as appears, Kelly had directed the surveyor not to record the plat of the first survey, the officer could not get it by which to make his deed, and this re-survey was directed by the officer and the execution creditor on the purchaser to get a correct identification of the land levied on and sold and it is established by the evidence of the surveyor as correct.

None of the errors assigned being available and the judgment being right, it is *affirmed.*

*Hays, for appellant.*

*James, for appellee.*